United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PLUMBERS AND STEAMFITTERS LOCAL 60 PENSION FUND,** § § § | |
| **Plaintiff,** § § | |
| v. § | Misc. Action No. 4:24-MC-01541 |
| § | |
| **GH MECHANICAL AND SERVICES, LLC,** § § § § | |
| **Defendant.** § | |

## MEMORANDUM OPINION AND ORDER

A pension fund has sued an employer for failing to fund benefits and wages. After securing a $116,000 default judgment in the Eastern District of Louisiana, the pension fund now seeks to enforce the default judgment through two motions: one to issue a writ of *fieri facias*, (Dkt. No. 2), and another to garnish the employer's assets held by PNC Bank, (Dkt. No. 3). After reviewing the filings, the record, and the applicable law, the Court **DENIES** Plaintiff's Motion for a Writ of *Fieri Facias* against Defendant GH Mechanical and Services, LLC, (Dkt. No. 2), and Plaintiff's Motion for Garnishment, (Dkt. No. 3), without prejudice.

### I. BACKGROUND

Plaintiff Plumbers and Steamfitters Local 60 Pension Fund ("Local 60 Pension Fund")[1] sued Defendant GH Mechanical and Services LLC ("GH Mechanical") in the

---

[1] Though the suit included a number of related plaintiffs, only one of those plaintiffs—Plumbers and Steamfitters Local 60 Pension Fund—has filed the two motions pending in this Court. (*See* Dkt. Nos. 1–3).

Eastern District of Louisiana on April 17, 2023.  *See* Complaint, *Plumbers & Steamfitters Loc. 60 Pension Fund et al. v. GH Mech. & Servs., LLC,* No. 2:23-CV-01291 (E.D. La. Apr. 17, 2023), ECF No. 1 [hereinafter E.D. La. Proc., No. 2:23-CV-01291].  Local 60 Pension Fund is an "'employee pension benefit plan' as defined in § 3(2)(a) of ERISA."  *Id.* at 1.  GH Mechanical is a "non-Louisiana Limited Liability Company . . . incorporated in Texas" that qualifies as an "'employer' within the meaning of § 3(5) of ERISA."  *Id.* at 3.  Local 60 Pension Fund sued GH Mechanical for failing to fund employee benefits and pay deferred wages.  *See id.* at 1, 4–9.  Local 60 Pension Fund sought repayment, damages, and legal costs.  *See id.* at 9.

GH Mechanical did not timely respond.  *See* Entry of Default, *Plumbers & Steamfitters Loc. 60 Pension Fund*, No. 2:23-CV-01291 (E.D. La. Jul. 6, 2023) ECF No. 8.  Accordingly, the Louisiana Eastern District Court entered default judgment against GH Mechanical.  (Dkt. No. 1 at 2–3); Order Granting Motion for Default Judgment, *Plumbers & Steamfitters Loc. 60 Pension Fund*, No. 2:23-CV-01291 (E.D. La. Aug. 19, 2024), ECF No. 16.  The default-judgment order awarded Local 60 Pension Fund a total of $116,218.49.  (Dkt. No. 1 at 2).

About a month later, Local 60 Pension Fund registered this judgment in the Southern District of Texas.  (*Id.* at 1).  Local 60 Pension Fund states that, "[t]o date, Plaintiffs have not collected any amounts from the Judgment Debtor."  (Dkt. No. 3 at 2).  Local 60 Pension Fund therefore requests that this Court issue a writ of *fieri facias* against GH Mechanical.  (Dkt. No. 2).  Local 60 Pension Fund also asks the Court to (1) cite PNC Bank as a garnishee, (2) require PNC Bank to answer garnishment interrogatories, and

(3) order PNC Bank to pay Local 60 Pension Fund with GH Mechanical's property in its possession. (Dkt. No. 3).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1963 and and Rule 69 of the Federal Rules of Civil Procedure, a plaintiff may "register [a] district court's final judgment in another federal district court and initiate collection proceedings there." *Hoffart v. Wiggins*, 577 F.App'x 384, 387 (5th Cir. 2014) (per curiam). A money judgment issued by a federal district court can be enforced in another federal district court once it becomes final. *See* 28 U.S.C. § 1963. Upon registration, the judgment may be enforced as if it had been originally issued in the district where it is registered. *Id.*

Rule 69 governs how district courts enforce money judgments. It provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Thus, Rule 69 establishes two relevant principles: "(1) that the usual recourse is a writ of execution" and "(2) that the writ [and supplementary proceedings] will be enforced using the local state practices for executing judgments." 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 69 (2024); *see Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 735 (5th Cir. 2020) ("The federal rules provide judgment creditors the enforcement tools available under the law of the state in which the court is located.").

Like the Federal Rules, Texas law also defaults to writs of execution as the primary mechanism for enforcing money judgments. *See* Tex. R. Civ. P. 621. Execution is governed by Chapter 34 of the Texas Civil Practice & Remedies Code, Tex. Civ. Prac. & Rem. Code §§ 34.001–34.076, and the Texas Rules of Civil Procedure Relating to Ancillary Proceedings, Tex. R. Civ. P. 621–656. Rules 629 and 630 of the Texas Rules of Civil Procedure provide the requirements for writs of execution for money judgments, *see* Tex. R. Civ. P. 629–30, and this Court's website provides a form for writs of execution and instructions for the form's completion, *see* U.S. District Court for the Southern District of Texas, District Forms & Filing Fees, https://www.txs.uscourts.gov/district/district-forms-filing-fees (last visited March 21, 2025) [https://perma.cc/EL27-ALS4]. Unless the defendant has posted a supersedeas bond or some other exception applies, a court "shall issue" a writ of execution upon proper application. *See Akin, Gump, Strauss, Hauer & Feld, LLP v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 113 (Tex. 2009).

Rule 69 of the Federal Rules of Civil Procedure "establishes the writ of execution as the general vehicle for enforcing a money judgment," Gensler, *supra*. But it does not foreclose other enforcement mechanisms if permitted by the state. *Peacock v. Thomas*, 516 U.S. 349, 359 n.7, 116 S.Ct. 862, 869 n.7, 133 L.Ed.2d 817 (1996) ("Rule 69(a) . . . permits judgment creditors to use *any* execution method consistent with the practice and procedure of the State in which the district court sits." (emphasis added)). The Fifth Circuit has even held that Rule 69(a) allows the use of garnishment to enforce a money judgment if that remedy is available under state law. *Grenada Bank v. Willey*, 694 F.2d 85, 87 n.2 (5th Cir. 1982).

4

"As actions supplemental to or in aid of execution, according to Federal Rule of Civil Procedure 69, garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006). Relevant here, Texas permits writs of garnishment to enforce money judgments. *See* Tex. R. Civ. P. 621 ("The judgments of the . . . courts shall be enforced by execution *or other appropriate* process.") (emphasis added); Tex. Civ. Prac. & Rem. Code §§ 63.001–63.008 (providing for garnishment actions); Tex. R. Civ. P. 657–79 (same); *Grenada Bank*, 694 F.2d at 87 n.2 ("A writ of execution cannot be the exclusive means of enforcing a judgment since [the State's] practice and procedure provides for garnishment.").

"Garnishment actions in Texas are 'purely statutory[,]' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *JGM Holdings, LLC v. T-Mobile USA, Inc.*, 568 F.App'x 316, 319 (5th Cir. 2014) (per curiam) (quoting *Af-Cap, Inc. v. Repub. of Congo*, 462 F.3d 417, 423 (5th Cir. 2006)); *see* Tex. Civ. Prac. & Rem. Code § 63.001 (listing the scenarios in which garnishment is available). In Texas, post-judgment garnishment is available when "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 63.001(3).

A party must strictly comply with Section 63.001 to receive a writ of garnishment. Texas courts are clear that "the remedy of garnishment is summary and harsh[] and should not be sustained unless there is strict compliance with the statutory

5

requirements." *In re Tex. Am. Exp., Inc.*, 190 S.W.3d 720, 725 (Tex. App.—Dallas 2005, orig. proceeding) (collecting cases); *Beggs v. Fite*, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (1937); *Premium Latin Publ'g, Inc. v. Fredonia Enters.*, No. 4:07-CV-02739, 2010 WL 11586404, at *1 (S.D. Tex. Jan. 12, 2010). They explain that the "garnishment statute must be strictly construed to protect third parties from the 'inconvenience and hazard' of suit." *Premium Latin Publ'g, Inc.*, 2010 WL 11586404, at *1 (quoting *Beggs*, 130 Tex. at 52, 106 S.W.2d at 1042). Therefore, "garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Lease Fin. Grp., LLC v. Childers*, 310 S.W.3d 120, 124 (Tex. App.—Fort Worth 2010, no pet.) (quoting *Walnut Equip. Leasing Co. v. J–V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied) (per curiam)); *see also Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 816 (Tex. App.—Austin 2010, no pet.) ("If any of the statutory requirements are not met, the right to have a garnishment judgment rendered against the property of the debtor fails."); *Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.) ("If a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules.").

    Finally, in addition to these statutory requirements, the Southern District of Texas requires a party to submit a proposed writ of issuance in its application for a writ of garnishment. Though there is not a standard form for writs of garnishment, Rule 659 of the Texas Rules of Civil Procedure provides some requirements for what must be in the writ, including identification of the parties, a command directing the garnishee to appear before the issuing court by or before 10:00 a.m. on the Monday following twenty days

after service, and instructions regarding what the garnishee must answer under oath. *See* Tex. R. Civ. P. 659.

### III.   DISCUSSION

#### A.   WRIT OF *FIERI FACIAS*

Local 60 Pension Fund asks this Court to issue a writ of *fieri facias* against GH Mechanical. (Dkt. No. 2 at 1). "In some jurisdictions, a judgment creditor may enforce" money judgments with "a writ of *fieri facias*." 30 Am. Jur. 2d *Executions and Enforcement of Judgments* § 14 (2025). Louisiana is one of those jurisdictions. *See, e.g., King v. Illinois Nat. Ins.*, 9 So.3d 780, 786–87 (La. 2009) (noting that a judgment for the payment of money may be executed by a writ of *fieri facias* under Louisiana Code of Civil Procedure article 2291). Texas is not. Texas's statutes, unlike Louisiana's, do not provide for writs of *fieri facias* as a means of executing money judgments. *Compare* Tex. Civ. Prac. & Rem. Code §§ 1.001– 173.004 *and* Tex. R. Civ. P. 592–734 *with* La. Stat. §§ 13:4282–84 *and* La. Code Civ. Proc. arts. 2291, 2411 *and* LSA-C.C.P. Form Nos. 381, 1501, 1516, 1538, 2655. This alone is enough to deny Local 60 Pension Fund's request. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—*must accord with the procedure of the state* where the court is located . . . ." (emphasis added)).

That said, this Court acknowledges that writs of *fieri facias* are closely related to[2] — and in some jurisdictions, function as — writs of execution[3] and that Texas courts generally enforce money judgments through writs of execution. *See* Tex. R. Civ. P. 621. Indeed, Texas courts have a *duty* to enforce judgments by issuing writs of execution where appropriate[4] and are generally reluctant to elevate a filing's "form over [its] substance." *Higgins v. Randall Cnty. Sheriff's Off.*, 257 S.W.3d 684, 688 (Tex. 2008) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)); *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 355 (5th Cir. 1985).

Yet even if the application were construed as one for a writ of execution, the Court would still deny it because it does not comply with Texas law. Fed. R. Civ. P. 69(a)(1).

---

[2] One of the common-law writs at the root of execution was the writ of *fieri facias*, which "resulted in an order to the sheriff to seize and sell the debtor's personal property." § 6:49. Post-judgment remedies — Execution — General nature and function, *Part II. Collection of Unsecured Debts*, *in* Law of Debtors & Creditors (Sept. 2024 update). In jurisdictions like Texas, these common-law writs — including the writ of *fieri facias* — have generally "been merged by statutes to form the writ of execution." *Id*. For example, Texas's current writ of *venditioni exponas* is a statutory "writ of execution," 7 Tex. Jur. Pl & Pr. Forms § 113:34 (2d ed.), that arose out of "the writ of *fieri facias*," *Ludtke v. Bankers' Tr. Co.*, 251 S.W. 600, 604 (Tex. App. — Galveston 1922, writ ref'd); *see also Borden v. McRae*, 46 Tex. 396, 400 (1877).

[3] *See, e.g.*, *Morris, Lee & Bayle, LLC v. Macquet*, 192 So.3d 198, 206 (La. App. 4 Cir. 2016); *Guar. Bank of Mamou v. Cmty. Rice Mill, Inc.*, 502 So. 2d 1067, 1069 (La. 1987) ("A writ of [*fieri facias*] is issued directing the sheriff to seize and sell certain of the judgment debtor's property after the creditor has obtained a judgment in an ordinary proceeding against the debtor. This procedure is simply a form of execution of the judgment.").

[4] Because judgments in Texas are not self-executing, *In re Michelena*, 641 B.R. 325, 340 (Bankr. S.D. Tex. 2022) (citing *Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 906 (Tex. App. — Houston [1st Dist.] 1995, writ denied), trial courts have a "duty to give effect to the judgment by executing proper orders" — generally a writ of execution, *Harris Cnty. Child.'s Protective Servs. v. Olvera*, 971 S.W.2d 172, 175 (Tex. App. — Houston [14th Dist.] 1998, pet. denied) (quoting *Myers v. Myers*, 515 S.W.2d 334, 335 (Tex. App. — Houston [1st Dist.] 1974, writ dism'd)); *see* Tex. R. Civ. P. 621 ("The judgments of the district . . . courts *shall* be enforced by execution or other appropriate process." (emphasis added)).

First, the application contains substantive errors that contradict the statutory requirements for writs of execution. For example, it is not "directed to any sheriff or any constable within the State of Texas." Tex. R. Civ. P. 629. It does not include a deadline for return "within thirty, sixty, or ninety days." *Id*. And it misstates the relevant issuing court as the "Southern District of Louisiana," rather than the Southern District of Texas. (Dkt. No. 2-1 at 1).

Second, the application does not comply with this district's local rules, which require parties to submit writs of execution using a standardized form. U.S. District Court for the Southern District of Texas, District Forms & Filing Fees, https://www.txs.uscourts.gov/district/district-forms-filing-fees (last visited March 21, 2025) [https://perma.cc/EL27-ALS4]. Therefore, Local 60 Pension Fund's application is procedurally, as well as substantively, defective.

Because Texas law does not provide for writs of *fieri facias* and Local 60 Pension Fund's motion also does not comply with the statutory or local requirements for a writ of execution, this Court declines to grant Local 60 Pension Fund's motion.

### B.   WRIT OF GARNISHMENT

Local 60 Pension Fund's motion for garnishment similarly does not meet Texas's statutory requirements. Under Texas law, Local 60 Pension Fund was required to file an affidavit stating that, to Local 60 Pension Fund's knowledge, GH Mechanical "does not possess property in Texas" that is "subject to execution [and] sufficient to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 63.001(3); *see also* Tex. R. Civ. P. 658 (requiring applications for garnishment to be supported by affidavits based on personal knowledge

9

or, if based on information and belief, stating the grounds for such belief). But Local 60 Pension Fund did not do so here.

And aside from missing the required affidavit, Local 60 Pension Fund's proposed order, (Dkt. No. 3–4), does not adhere to the Texas Rules of Civil Procedure. For example, Rule 659 gives garnishees "twenty days from the date the writ was served," Tex. R. Civ. P. 659, but in its citation to PNC Bank, (Dkt. No. 3-2), Local 60 Pension Fund misstates the deadline for PNC Bank to respond as "fifteen (15) days" after service, (Dkt. No. 3-2 at 1–2).[5] Any refiled application must comply with Texas Rules of Civil Procedure 657–79 *and* Texas Civil Practice and Remedies Code Sections 63.001–63.008.[6] But because Texas law prohibits sustaining a garnishment proceeding if a party has not strictly complied with Texas's statutory requirements, this Court denies Local 60 Pension Fund's motion. *See Zeecon Wireless Internet, LLC*, 305 S.W.3d at 816; *Abdullah*, 211 S.W.3d at 943.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for a Writ of *Fieri Facias* against Defendant GH Mechanical and Services, LLC, (Dkt. No. 2), and its Motion for Garnishment, (Dkt. No. 3), without prejudice.

It is SO ORDERED.

---

[5] This citation was not attached to the proposed order but was filed as a separate attachment to Local Pension Fund's motion. For the sake of analysis, the Court assumes that Local Pension Fund meant to attach the citation to the proposed order.

[6] Rule 661 of the Texas Rules of Civil Procedure 661 provides a template for a writ of garnishment.

Signed on March 21, 2025.

                                                    */s/ Drew B. Tipton*
                                                    **DREW B. TIPTON**
                                                    **UNITED STATES DISTRICT JUDGE**